IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASON ALAN JUSTICE,

    **Plaintiff,**

    v.                                                                      CASE NO. 23-3009-JWL

STATE OF KANSAS, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se action which he titles as an "Emergency Constitutional Habeas Corpus Injunction and Mandamus" (Doc. 1). Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. Because the pleading was not on a court-approved form, and Plaintiff failed to either pay the filing fee or file a motion for leave to proceed in forma pauperis, the Court issued a Notice of Deficiency (Doc. 2), granting Plaintiff until February 13, 2023, to cure the deficiencies. This matter is before the Court on Plaintiff's response (Doc. 3).

Plaintiff's original pleading (Doc. 1) takes issue with past adverse rulings in cases he previously filed in this Court that were pending before a different judge. He claims rulings in those cases were wrongly decided. *Id.* at 3. Plaintiff then argues that all the judges sitting on this Court have demonstrated ill-will and a desire to do injustice to Plaintiff. *Id.* at 4–5. Plaintiff then claims he is having the same issues with the District Court of Butler County, Kansas. *Id.* at 6. He also takes issue with a Tenth Circuit Court of Appeals ruling in one of his prior cases. *Id.*

Plaintiff then asserts that he has claims for "Negligent/Deliberate Indifferent [sic] Medical Care, Assessment, Treatment," and sets forth his medical claims. *Id.* at 7–9. Plaintiff also alleges that he was assaulted by another inmate that was let into his cell by staff. *Id.* at 10. Lastly, Plaintiff claims that some of his legal documents have been destroyed. *Id.* at 11.

This Court issued a Notice of Deficiency (Doc. 2) directing Plaintiff to submit his complaint on the court-approved form and to either pay the filing fee or submit a motion for leave to proceed in forma pauperis.  The deadline to comply was February 13, 2023.  Plaintiff has failed to submit his complaint on the form and has failed to either pay the filing fee or to submit a motion for leave to proceed in forma pauperis.  Instead, Plaintiff has filed a "2nd Response and Demand" (Doc. 3).

In his response, Plaintiff states that he is not bringing this case under 42 U.S.C. § 1983. (Doc. 3, at 1.)  Plaintiff incorrectly asserts that this Court must treat his action as a habeas action because he titled it as such.  "To determine the nature of a claim, courts examine the substance of a plaintiff's allegations, not merely the labels applied to them."  *Johnson v. Dep't of Veterans Affairs*, 351 F. App'x 288, 290 (10th Cir. 2009) (unpublished) (citing *Weaver v. United States,* 98 F.3d 518, 520 (10th Cir.1996)). "The Court appropriately disregards the legal labels applied by a *pro se* plaintiff when those labels serve to obfuscate the nature of the legal claims asserted." *Dodson v. Bd. of Cty. Com'rs*, 878 F. Supp. 2d 1227, 1242 (D. Colo. 2012) (citing *Castro v. United States*, 540 U.S. 375, 381 (2003) (noting that it is appropriate for federal courts to ignore the legal labels attached to a pro se party's claims "to create a better correspondence between the substance of [the party's claims] and [the] underlying legal basis")).

Plaintiff's complaint asserts the denial of proper medical care, a failure to protect him from an assault by another inmate, and the destruction of his legal materials.[1]  These claims challenge his conditions of confinement.  "It is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits filed pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named*

---

[1] The Court notes that Plaintiff also takes issue with prior rulings in prior cases filed in  this Court, the state district court, and the Tenth Circuit Court of Appeals.  Challenges to those rulings must be raised in those cases and before those courts.

*Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)—not through federal habeas proceedings." *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) (citing *McIntosh v. U.S. Parole Comm'n,* 115 F.3d 809, 812 (10th Cir.1997) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action [ ] attacks the conditions of the prisoner's confinement . . .." (quotation omitted)); *see also Preiser v. Rodriguez,* 411 U.S. 475, 499, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) ("[A] § 1983 action is a proper remedy for a . . . state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.")).

Plaintiff is subject to 28 U.S.C. § 1915(g), a subsection of the federal in forma pauperis statute known as the "three strikes" provision.[2] Plaintiff cannot avoid assessment of the appropriate filing fee or application of the three-strikes provision simply by styling conditions claims as habeas claims. *See Lee v. Maye*, 2017 WL 3437666, at *2 (D. Kan. 2017); *Lynn v. Kansas*, 2016 WL 4159736, at n.8 (D. Kan. 2016) ("It is not unusual for an inmate to improperly attempt to present claims in a habeas petition to avoid the much larger filing fee or the three-strikes bar.").

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*.

---

[2] *See Justice v. Stacy* (LNU), Case No. 07-3133-SAC, dismissed for failure to state a claim for relief; *Justice v. Brownback*, Case No. 16-3215-DDC, dismissing civil rights claims with prejudice due to plaintiff's failure to state sufficient facts to state a claim for relief and dismissing habeas claims without prejudice; and *Justice v. Carpenter*, Case No. 19-3106-SAC, dismissed for failure to state a claim for relief.

(citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).  "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to comply with the Court's Notice of Deficiency by the Court's deadline.  He has failed to submit his complaint on the court-approved form and has failed to either submit the filing fee or a motion for leave to proceed in forma pauperis.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** under Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Dated February 15, 2023, in Kansas City, Kansas.

> S/ John W. Lungstrum
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**